OPINION
{¶ 1} Jeffrey Antonio Brown, pro se, is appealing from the decision of the Montgomery County Court of Common Pleas overruling his petition for post conviction relief (which he has styled as a petition to vacate and set aside his sentence) without a hearing.
 {¶ 2} Brown was convicted and sentenced on September 13, 1995, of one count of felonious assault. His petition for post conviction relief was filed on April 7, 2003, over seven years later. His assignment of error in his pro se brief is the trial court violated his constitutional rights to equal protection of the laws when it overruled his motion.
 {¶ 3} On May 21, 2003, the trial court entered its decision as follows:
 {¶ 4} "This matter comes before the Court on Defendant's Petition to Vacate and Set Aside the Degree of the Offense and Sentence filed April 7, 2003. Defendant's petition is a petition for post-conviction relief governed by Ohio Revised Code §2953.21.
 {¶ 5} "On June 6, 1995 Jeffrey Antonio Brown was indicted on one count of felonious assault. The Termination Entry in Mr. Brown's case was filed September 13, 1995 and reflected a conviction on the charge and a sentence of five to fifteen years. Mr. Brown filed the petition currently under consideration on April 7, 2003.
 {¶ 6} "Ohio Revised Code section 2953.21(A)(2) requires a petition for post-conviction relief to be filed:
 {¶ 7} "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction . . .
 {¶ 8} "If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 {¶ 9} "For defendants sentenced prior to September 21, 1995, amendments to Ohio Revised Code section 2953.21 allow the petition to be filed within the one hundred eighty day time period described above, or within one year from September 21, 1995, whichever is later. State v. Finfrock (Aug. 28, 1998), Miami App. No. 97CA64, unreported. Mr. Brown has met neither of the available requirements to file a timely petition.
 {¶ 10} "A court may still entertain an untimely petition, but only if the strict conditions of Ohio Revised Code section2953.23(A) are met. If the conditions of Ohio Revised Code section 2953.23(A) are not satisfied, the trial court lacks jurisdiction to consider the petition.
 {¶ 11} "Ohio Revised Code section 2953.23(A) provides the following:
 {¶ 12} "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 13} "(1) Either of the following applies:
 {¶ 14} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 15} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 16} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted . . .
 {¶ 17} "In the case at bar, Mr. Brown alleges no facts or makes any attempt to show that he was `unavoidably prevented' from discovering the facts upon which his petition relies, nor does he claim that a new state or federal right has been recognized. As such, after careful consideration, the Court hereby finds that Defendant's Petition is untimely and as a result this court lacks jurisdiction to consider Defendant's petition.
 {¶ 18} "Based on the foregoing, the Court hereby OVERRULES Defendant's Petition to Vacate and Set Aside the Degree of the Offense and Sentence.
 {¶ 19} "SO ORDERED." (Docket 19).
 {¶ 20} The trial court was correct. Brown does not set forth any justification for his long delay in filing his petition. His argument consists solely of the claim that he now should be re-sentenced under the new criminal law that went into effect on July 1, 1996 (Senate Bill 2). We've seen this argument before after the new law became effective and, of course, have found it has no merit. (Citations omitted). Brown could have filed his petition for post conviction relief within the year following the September 21, 1995, effective date of the new law, but he did not.
 {¶ 21} The foregoing decision of the trial court is hereby approved and adopted as our own. The assignment of error is overruled and the judgment is affirmed.
Fain, P.J. and Brogan, J., concur.